UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:22-cv-00373-JAW |
| ) | |
| ROBERT K. NEWMAN, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION FOR RECONSIDERATION**

The Government brings a motion for reconsideration, urging the Court to revise a summary judgment order and increase a defendant's income tax liabilities due to an error in the Government's statement of material facts. Because the Court determines that the Government's statement of material facts effectively contained a typographical error, and the summary judgment record unequivocally supports the modification requested, the Court grants the motion for reconsideration.

**I.   BACKGROUND**

On November 28, 2022, the United States of America (Government) filed a civil action pursuant to 26 U.S.C. § 7401, et seq., against Robert K. Newman and several other Defendants. *Compl.* (ECF No. 1). On August 29, 2023, the Government filed a motion for partial summary judgment, requesting, among other things, that the Court enter summary judgment that "[D]efendant Robert K. Newman is liable to the United States for self-reported income tax liabilities for tax years 2011 to 2017 and 2020 in the amount of $325,132.52 as of July 31, 2023." *Pl. United States of America's*

*Mot. for Partial Summ. J. on Self-Reported Income Taxes* at 1 (ECF No. 67) (*Gov't's Summ. J. Mot.*).

On November 9, 2023, the Court granted in part and dismissed without prejudice in part the Government's motion. *Order on Pl. United States of America's Mot. for Partial Summ. J. on Self-Reported Income Taxes* (ECF No. 98) (*Summ. J. Order*). The reason for this partial dismissal without prejudice was that the Court fixed Mr. Newman's total self-reported income tax liabilities at $255,319.79 instead of $325,132.52 as requested by the Government. *Id.* at 29-30. The Court arrived at this lower figure by adding Mr. Newman's tax liabilities for each of the tax years 2011 through 2017 and 2020, as set forth in the Government's statement of material facts. *Id.* at 12 n.4; *see also Pl. United States' Local R. 56(b) Statement of Facts in Support of Its Mot. for Partial Summ. J. on Self-Reported Income Taxes* ¶¶ 3, 6, 9, 12, 15, 18, 21, 24 (ECF No. 68).

While performing its calculations, the Court observed that the Government's figure for tax year 2011—$89,994.49 as of July 31, 2023—"appears to be in error." *Summ. J. Order* at 8 n.2. The Court arrived at this conclusion after reviewing the record and noting that paragraph 12 of the Declaration of Mary Bishop fixed Mr. Newman's liability for tax year 2011 at $89,994.49 as of December 3, 2012 and $159,807.22 as of July 31, 2023. *Id.* The Court also determined that Mr. Newman's total self-reported income tax liability would be $325,132.52—the figure requested by the Government—if $159,807.22 were used for tax year 2011 instead of $89,994.49. *Id.* Despite the indications that the figure included in the Government's statement

of material facts was erroneous, the Court, bearing in mind its obligation to view the record in the light most favorable to Mr. Newman, accepted the figure in the Government's statement of material facts and used it to calculate Mr. Newman's total self-reported income tax liability.

On November 20, 2023, the Government filed a motion for reconsideration and an attached memorandum of law, urging the Court to "amend the amount of the liability determined by the Court from $255,319.79 to the amount requested . . . of $325,132.52." *Pl. United States of America's Mot. to Reconsider Ruling on Partial Summ. J. and Amend J. to Include Post-Return Statutory Penalties and Interest* (ECF No. 103) (*Gov't's Reconsideration Mot.*); *id.*, Attach. 1, *Mem. of Law in Support of United States' Mot. to Reconsider Ruling on Partial Summ. J. and Amend J. to Include Post-Assessment Tax Accruals* (*Gov't's Mem. of Law*). Mr. Newman did not respond to the Government's motion for reconsideration.

## II. THE GOVERNMENT'S POSITION

In its motion, the Government concedes that it "inadvertently stated for the 2011 liability only the amount assessed for tax and penalties when the 2011 tax return was filed and processed in 2012, instead of the current balance in 2023." *Gov't's Reconsideration Mot.* at 1-2. It counters, however, that because "the evidence supporting the Motion and Statement of Facts . . . all support an amount that includes later-assessed penalty and statutory interest for 2011, there is a manifest error of fact and law that justifies reconsideration of the order." *Id.* at 2.

The Government expands on this argument in its memorandum of law. Citing District of Maine Local Rule 7(f) for the proposition that a motion for reconsideration can be granted "based on a manifest error of fact or law," the Government represents that a manifest error of fact existed "in [the statement of material fact], upon which the Court relied for its liability calculation." *Gov't's Mem. of Law* at 2 (citing D. ME. LOC. R. 7(f)). In support, the Government cites evidence from the record.

First, the Government points out that the Declaration of Mary Bishop "suggests that the figure of $89,994.49 . . . is erroneous." *Id.* at 3. This suggestion, according to the Government, is backed up by the Account Transcript for Mr. Newman's 2011 income tax account, which shows that "Mr. Newman owed for 2011 self-reported income tax liabilities of $89,994.49 as of December 3, 2012, the date of the first assessment for the year's account." *Id.* at 3-4. Therefore, the Government says, "it is manifestly clear that the '$89,994.49 as of July 31, 2023' figure . . . was in error, since it excludes all later assessed penalties and interest between December 3, 2012, and July 31, 2023." *Id.* at 4.

The Government then reviews the mechanisms by which Mr. Newman's account balance increased between December 3, 2012, and July 31, 2023. *Id.* at 4-7. After explaining how interest is calculated, and noting Mr. Newman was assessed another penalty for late payment of tax on October 7, 2019, the Government asserts that "[c]omputing the self-reported liabilities based on the above rules results in the

total amount of $159,921.25."[1] *Id.* at 4-6. The Government goes on to provide a simplified account ledger before concluding that "the total balance for Robert Newman's self-reported income tax liabilities for the years at issue is $325,132.52 as of July 31, 2023—established based on the supporting evidence and mathematical derivations of statutory penalty and interest." *Id.* at 6-7.

### III. LEGAL STANDARD[2]

A motion for reconsideration of an interlocutory order is available under District of Maine Local Rule 7(f), but such a motion can be granted only if it is based upon a "manifest error of fact or law." D. ME. LOC. R. 7(f). "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." *Salmon v. Lang*, 57 F.4th 296, 323 (1st Cir. 2022) (quotation omitted); *see also Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) ("Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected"). "To prevail on such a motion, 'a party normally must demonstrate either that new and important evidence, previously unavailable, has

---

[1] The Government acknowledges that this figure is slightly higher than the figure contained in the Declaration of Mary Bishop ($159,807.22); however, the Government clarifies that it is only asking the Court to fix the liability for tax year 2011 at $159,807.22, since this was the figure the Government relied upon when computing Mr. Newman's total self-reported income tax liability to be $325,132.52 in its motion for partial summary judgment. *Id.* at 4-5. Because the Government "is not asking to adjust the 2011 amount that was the basis for its requested judgment from the motion, which was $159,807.22," *id.* at 7, the Court disregards this discrepancy.

[2] The Government also posits that Federal Rule of Civil Procedure 59(e) forms a basis for its motion. *Gov't's Reconsideration Mot.* at 1. However, because the Court's summary judgment order "was not a final judgment, and the Court has not directed entry of a final judgment on any claims pursuant to Federal Rule of Civil Procedure 54(b)," the Government's motion cannot be brought under Rule 59(e). *Stile v. Somerset Cnty.*, No. 1:13-cv-00248-JAW, 2019 U.S. Dist. LEXIS 24020, at *6 (D. Me. Feb. 14, 2019). Therefore, the Court only discusses District of Maine Local Rule 7(f), which applies to motions for reconsideration of interlocutory orders. D. ME. LOC. R. 7(f).

surfaced or that the original judgment was premised on a manifest error of law or fact.'" *Caribbean Mgmt. Grp., Inc. v. Erikon LLC*, 966 F.3d 35, 44-45 (1st Cir. 2020) (quoting *Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014)).

## IV. DISCUSSION

### A. Waiver Due to Mr. Newman's Failure to Respond

Under District of Maine Local Rule 7(b), if a party fails to respond to a motion within twenty-one days, the party "shall be deemed to have waived objection." D. ME. LOC. R. 7(b). Mr. Newman's response was due on December 11, 2023, but Mr. Newman failed to respond. Although Mr. Newman is a *pro se* litigant, "[i]t is well-settled in this Circuit that a *pro se* litigant is not exempt from compliance with procedural rules." *Demmons v. Tritch*, 484 F. Supp. 3d 177, 182 (D. Me. 2007) (citing *Rivera v. Riley*, 209 F.3d 24, 28 (1st Cir. 2000), *abrogated on other grounds by Casanova v. Dubois*, 298 F.3d 142 (1st Cir. 2002); and *Posadas de P.R., Inc. v. Radin*, 856 F.2d 399, 401 (1st Cir. 1988)). Therefore, the Court grants the Government's motion on the basis that Mr. Newman has waived objection. Mindful of Mr. Newman's status as a *pro se* litigant, however, the Court has reviewed the merits of the Government's motion since this review provides an alternative, non-waiver basis for granting the motion.

### B. Manifest Error of Fact

The Government's central position is that the Court's summary judgment order contained a manifest error of fact because the Court relied on the erroneous figure in paragraph three of the Government's statement of material facts. *Gov't's*

*Mem. of Law* at 2.  After reviewing the record, the Court agrees with the Government that the figure contained in paragraph three ($89,994.49) was in error and that Mr. Newman's self-reported income tax liability for tax year 2011 is actually $159,807.22.

Multiple parts of the record support this conclusion.  First, paragraph twelve the Declaration of Mary Bishop, an IRS Revenue Officer, reads:

> As to tax year 2011, the December 3, 2012 assessments made at the time of reporting (for tax, late-filing penalties, pre-payment penalties, and late-payment penalties), totaled $89,994.49 on the date of assessment and the penalties and interest on that part of the liability . . . bring the total amount attributable only to the self-reported tax to $159,807.22 with interest as of July 31, 2023.

*Pl. United States of America's Mot. for Appointment of Pre-J. Receiver to Sell Property* (ECF No. 52) (*Gov't's Receiver Mot.*), Attach. 4, *Decl. of Mary Bishop, Revenue Officer Advisor* ¶ 12 (*Bishop Decl.*).  Second, Mr. Newman's account transcript for tax year 2011 shows an account balance of $89,994.49 on December 3, 2012, with additional charges applied in subsequent years.  *Id.*, Attach. 6, *Account Transcript*.  Third, as the Court noted in its summary judgment order, Mr. Newman's tax liabilities for the years 2011 through 2017 and 2020 sum to $325,132.52—the figure advanced by the Government—only if $159,807.22 is used for tax year 2011.  *Summ. J. Order* at 8 n.2.

In addition to this evidence from the record, in its motion for reconsideration the Government supplies additional evidence that Mr. Newman's income tax liability for tax year 2011 should be fixed at $159,807.22 instead of $89,994.49.  Specifically, the Government provides a simplified account ledger, which shows how the assessment of tax, penalties, and interest have affected the balance of Mr. Newman's account for tax year 2011.  *Gov't's Mem. of Law* at 6-7.  This ledger shows that Mr.

7

Newman's account balance increased after December 3, 2012 because of the assessment of: 1) fees for collection on March 4, 2013 in the amount of $148.00; 2) a late-payment penalty on October 7, 2019 in the amount of $17,576.58; 3) fees for collection in the amount of $448.00 on September 19, 2022; 4) fees for collection in the amount of $408.00 on November 14, 2022; and 5) interest through July 31, 2023 in the amount of $52,998.97. *Id.* Adjusting this amount to account for a payment of $46.00 by Mr. Newman, and adding it to the $89,994.49 assessed on December 3, 2012, the Government represents that Mr. Newman's account balance was $159,921.25 as of July 31, 2023. *Id.* at 7. The Government slightly decreases this amount to account for an interest-date error in the calculations underlying the Bishop Declaration to arrive at its requested figure of $159,807.22. *Id.*

Based on its review of the record and the evidence supplied by the Government, the Court determines that there is overwhelming support for the conclusion that the figure in paragraph three of the Government's statement of material facts is the product of nothing more than a typographical error. The record clearly demonstrates Mr. Newman's liability for tax year 2011 on July 31, 2023 was at, or even slightly above, $159,807.22 and there is no evidence to suggest it was actually $89,994.49. Therefore, the Court concludes that this is one of the rare instances where the proponent of a motion for reconsideration has established a manifest error of fact. Accordingly, the Court grants the Government's motion and modifies its prior summary judgment order.

## V. CONCLUSION

The Court GRANTS Plaintiff United States of America's Motion to Reconsider Ruling on Partial Summary Judgment and Amend Judgment to Include Post-Return Statutory Penalties and Interest (ECF No. 103). The Court MODIFIES its Order on Plaintiff United States of America's Motion for Partial Summary Judgment on Self-Reported Income Taxes (ECF No. 98) to hold that:

1. Robert K. Newman is liable to the United States for self-reported income tax liabilities for tax years 2011 to 2017 and 2020 in the amount of $325,132.52 as of July 31, 2023;

2. There exist valid and subsisting tax liens securing those self-reported income tax liabilities attached to 13 Annies Way, Kennebunk, Maine; and

3. The United States is entitled to enforce the liens pursuant to 26 U.S.C. § 7403 through a sale of that property, including by using a receiver appointed under 26 U.S.C. § 7403(d) as requested by the United States and authorized by the Court's Order on Motion for Appointment of Prejudgment Receiver to Sell Property (ECF No. 93).

SO ORDERED.

>/s/ John A. Woodcock, Jr.
>JOHN A. WOODCOCK, JR.
>UNITED STATES DISTRICT JUDGE

Dated this 28th day of December, 2023